**6:06cv681**
**JUDGE DOHERTY**
**MAG. JUDGE METHVIN**

RECEIVED
BY ____
APR 2 4 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVEN FRANCIS                                CIVIL ACTION

VERSUS                                        NO: 05-6905

E-Z BUS, INC., LINCOLN                        SECTION: "J" (1)
GENERAL INSURANCE CO., AND
RUBEN DASILVA CAVADES

**ORDER AND REASONS**

Before the Court is defendants' Motion to Transfer Venue (Rec. Doc. 3). The motion is opposed. (Rec. Doc. 4). Having considered the record and the applicable law, the Court finds that the defendants' motion should be GRANTED.

**FACTUAL BACKGROUND**

According to the complaint of plaintiff, Steven Francis, on September 2, 2005, following the devastation of Hurricane Katrina, he was evacuated from the Eastern District of Louisiana aboard a bus owned, insured, and driven by defendants E-Z Bus, General Insurance, and Ruben Disalvo Cavades respectively. Plaintiff alleges that he was injured when the bus rolled over

off the highway and into the median of Interstate 49 in Landry Parish, Louisiana, in the Western District of Louisiana. Plaintiff alleges that the accident resulted solely and exclusively from the driver's negligent operation of the bus.

Plaintiff alleges that at the time of the accident he was a resident of Plaquemines parish, in the Eastern District of Louisiana. E-Z Bus, Inc. is alleged to have its principal place of business in Orlando, Florida, and to be authorized to do business within the state of Louisiana. Lincoln General Insurance is alleged to be domiciled in New York, and authorized to do business in Louisiana. Rubens Dasilva Cavades is alleged to be a resident of Orlando, Florida.

### DISCUSSION

Federal Rule of Civil Procedure 12(b)(3) allows the defense of improper venue to be made by motion before a responsive pleading is filed. When a case lays venue in the wrong district, the Court shall dismiss or, in the interests of justice, transfer the case to a district in which it could have been brought. 28 U.S.C. § 1406(a). In this case, federal jurisdiction is founded only upon diversity of citizenship and the cause of action is based only upon negligence, so the general venue provisions of 28 U.S.C. § 1391(a) apply. Section 1391(a) reads:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may,

except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Section 1391(c) provides that corporations are deemed to reside for venue purposes wherever they are subject to personal jurisdiction. Thus, venue is conceivably proper for E-Z Bus and Lincoln General Insurance in the Eastern District of Louisiana. However, defendant Rubens Dasilva Cavades is a natural person, and, according to the complaint, his only residence is in Florida. Thus, section 1391(a)(1) cannot support venue in the Eastern District of Louisiana because all of the defendants do not reside in Louisiana.

Because section 1391(a)(2) does apply, as developed below, section 1391(a)(3), the venue provision of last resort, cannot apply. Thus venue is only proper in a district in which "a substantial part of the events or omissions giving rise to the claim occurred." As plaintiff correctly notes, section 1391(a)(2) does not restrict venue to only one district, as there may be multiple districts where a substantial part of the events giving

rise to the suit occur. *See Globe Glass & Mirror Co. v. Brown*, 888 F.Supp. 768, 770 (E.D. La. 1995). However, plaintiff alleges that both the tortious conduct and the resulting injuries occurred in the Western District of Louisiana. Accordingly, that is the district of proper venue and the Eastern District is improper.

Plaintiff argues that because the bus ride began in the Eastern District, it is the locus of a substantial part of the events. However, a tangential or chain-of-events type connection leading back to the Eastern District is not substantial enough to establish that those events "gave rise" to the claim. *See Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995); *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3rd Cir. 1994). Otherwise, venue restrictions would be rendered meaningless. The events and conduct that gave rise to the claim of negligent injury all occurred in the Western District.

In a similar vein, plaintiff argues that a substantial part of defendants' contractual work, transporting passengers, occurred in the Eastern District. However, plaintiff's claim alleges tortious conduct, not breach of contract; therefore the locus of defendants' performance under contracts with third parties contributes nothing to the venue analysis in this case.

In addition, the complaint refers only to the Western

District and alleges no wrongful activities of defendants other than at the time of the accident. The only mention of the Eastern District in the complaint is that the plaintiff resided in Plaquemines Parish at the time immediately preceding the bus trip. In this case, plaintiff's domicile is not a consideration in venue, only defendants' domiciles and/or the location of the events giving rise to the claim. *See*, 28 U.S.C. § 1391(a).

Accordingly,

**IT IS ORDERED** that defendants' Motion to Transfer Venue (Rec. Doc. 3) is **GRANTED**. The case is **transferred** to the Western District of Louisiana.

New Orleans, Louisiana this the 7th day of April, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

CLERK'S OFFICE
A TRUE COPY
APR 19 2006
Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, La

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
OFFICE OF THE CLERK

**6:06cv681**
**JUDGE DOHERTY**
**MAG. JUDGE METHVIN**

LORETTA G. WHYTE
CLERK

500 POYDRAS ST., ROOM C-151
NEW ORLEANS, LA 70130

April 19, 2006

Mr. Robert H. Shemwell
Clerk, United States District Court
Western District of Louisiana
300 Fannin Street
Suite 1167
Shreveport, LA 71101-3083

RECEIVED
BY
APR 2 4 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

Re: Civil Action No. 05-6905, J (1)
STEVEN FRANCIS
vs.
E-Z BUS, INC., ET AL

Dear Mr. Robert H. Shemwell:

On 4/7/06, the Honorable Carl J. Barbier, United States District Court Judge for this district, entered an order transferring the above captioned case to the Western District of Louisiana.

Pursuant to said order, we are forwarding herewith the entire original record filed in this court, together with a certified copy of the order of transfer and a copy of the docket sheet.

Please acknowledge receipt on the enclosed copy of this letter.

Very truly yours,

LORETTA G. WHYTE, CLERK

By: _____
Deputy Clerk

Enclosures