RECEIVED
DEC 0 7 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| STEVEN FRANCIS | CIVIL ACTION NO. 06-0681 |
| VS. | JUDGE DOHERTY |
| E-Z BUS, INC.<br>LINCOLN GENERAL INS. CO.<br>RUBENS DASILVA CAVADES | MAGISTRATE JUDGE METHVIN |

## SECOND NOTICE OF FAILURE TO COMPLY AND ORDER

On August 23, 2006, the undersigned magistrate judge issued an order requiring that plaintiff file a memorandum setting forth specific facts in controversy which support a finding that the jurisdictional amount exists on or before September 18, 2006.[1] Plaintiff was ordered to include the following relevant jurisdictional facts in his response: (1) a description of the nature and severity of plaintiff's injuries; (2) plaintiff's diagnoses, including whether surgery was recommended or had been performed; (3) if surgery was performed, the nature thereof; (4) duration of medical treatment; (5) dollar amount of medicals incurred at the time of removal; (6) estimate of the dollar amount of medicals which plaintiff will probably incur in the future based upon the medical diagnosis; (7) lost wages incurred; (8) lost wages which plaintiff will probably incur in the future based upon the medical diagnosis; and (9) citations to caselaw involving similar facts which reflect verdicts in the amount of $75,000.00 or more. It was further ordered that defendant would be allowed ten days to reply to plaintiff's arguments.

On October 27, 2006, when plaintiff had not responded to the court's order, the undersigned issued a Notice of Failure to Comply, noting that plaintiff had failed to timely file

---

[1] Rec. Doc. 12.

his response.[2] Plaintiff was ordered to file a response within ten days of the date of the court's order.

On November 9, 2006, plaintiff filed a response to the court's order, wherein he essentially requests that the court "defer determination of the adequacy of jurisdictional amount until sufficient discovery has been had to allow adequate presentation of the facts in the form of expert testimony, by virtue of depositions necessary to make a jurisdictional amount determination." Plaintiff further states that "until a definitive surgery recommendation is made and further diagnostic testing is performed, future medical expense is unknown."

As stated previously's in the court's original order, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." St. Paul Reinsurance Co., Ltd. v. Greenburg, 134 F.3d 1250, 1253 (5th Cir.1998). Here, plaintiff alleges that he sustained lumbar and cervical spine injuries, as well as injuries to his upper and lower extremities, but the court notes that he has not adequately supported his claim that he is entitled to damages amounting to $2,000,000.00. The medical records provided shows only that plaintiff has a "very small 1 mm or so disc at C6-7," and an unremarkable lumbar MRI. Thus far, it appears that the plaintiff has only been advised to continue home health therapy. A radiographic summary submitted by the plaintiff shows that cervical spinal cord views are "unchanged" since plaintiff's previous examination, in June 29, 2005, before the accident that is the subject of this litigation. Thus, based on the scant information that the plaintiff has provided to the court, it is questionable whether the plaintiff satisfies the jurisdictional amount in this case.

---

[2] Rec. Doc. 17.

The court recognizes that plaintiff's counsel cannot assess, at this stage of the litigation, how much his client will recover if successful in this lawsuit. However, the plaintiff does know the dollar amount of medical expenses he has already incurred, and he is in a position to provide much of the information requested by the court in making its jurisdictional amount determination.

Considering the foregoing,

**IT IS HEREBY ORDERED** that *within ten (10) days of receipt of this Notice*, plaintiff shall prepare and submit a response regarding the jurisdictional amount that complies with the undersigned's February 23, 2006 order (Rec. Doc. 11). *Plaintiff is hereby notified that a failure to comply may result in a recommendation that the instant lawsuit be dismissed for failure to satisfy the jurisdictional amount.*

**IT IS FURTHER ORDERED** that defendant shall be allowed ten days to reply to plaintiff's arguments.

Signed at Lafayette, Louisiana on December 7, 2006.

COPY SENT:
DATE: 12/7/06
BY: Cw
TO: Mem

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)